# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

ARTHUR BJ BENTLEY,

         Plaintiff,

 v.                6:17-CV-444
                      (TJM/ATB)

SCOTT McNAMARA, District Attorney, et al.,

         Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

ARTHUR BJ BENTLEY
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

  The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Arthur BJ Bentley. (Dkt. Nos. 1, 2).

**I.**  **<u>IFP Application</u>**

  A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

  In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

  In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S.

319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

Plaintiff's complaint is not a model of clarity. The court will try to summarize what plaintiff appears to be arguing.[1] Plaintiff alleges that on April 6, 2016, defendant Rome Police Officer Michael Sweezey took a "NYS Incident Report" from Whitney Linder, who stated that he was "shoved off his bike then tackled to the ground [by

---

[1] Pro se pleadings are interpreted to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

2

plaintiff]." (Complaint ("Compl.") ¶ 4 at CM/ECF p.2)[2] (Dkt. No. 1). Plaintiff claims that the police should have known that Whitney Linder was lying because on April 7, 2016, Whitney Linder gave defendant Sweezey another statement, alleging that he was "pulled to the ground." (*Id.*) Plaintiff claims that, as a result of these inconsistent statements, he was falsely arrested. Plaintiff asserts that if defendant Sweezey had done his job, plaintiff never would have been arrested. (Compl. ¶ 4, CM/ECF p.3). Plaintiff claims that Whitney Linder's statement and the New York State Incident Report, both indicate that there is a witness, who was apparently not interviewed by defendant Sweezey. (*Id.*)

Plaintiff claims that "on or around" May 2016, Whitney Linder told defendant Assistant District Attorney ("ADA") Yoxall "or" defendant District Attorney ("DA") Scott McNamara that he did "yell" at plaintiff's seven-year-old boy,[3] which apparently was inconsistent with both of Whitney Linder's previous statements. (*Id.*) Plaintiff then appears to state that, based on this admission, there was "some Reasonable Doubt" regarding Whitney Linder's April 7th statement, and that he was not telling the truth. Plaintiff claims that "in or around May 2016 thats [sic] when the Malicious Prosecution started." (Compl. ¶ 4, CM/ECF p.5).

Plaintiff states that he was "offered" probation, disorderly conduct, and even an

---

[2] Although plaintiff has used a form-complaint for 42 U.S.C. § 1983 cases, his pages are not in order, and he has copied one page and has used it seven times, with portions of the facts written on each page. (Compl. ¶ 4, CM/ECF pp.2-8). Thus, the court will cite to the pages of the document assigned by the court's electronic filing system (CM/ECF).

[3] Plaintiff then states that "at the point [Linder] admitted he yelled at my 7 year old boy they," meaning the two defendant district attorneys, "were mandated reporters." (Compl. ¶ 4, CM/ECF p.4). Plaintiff appears to be claiming that the ADA and the DA should have "reported" Whitney Linder to the authorities for "yelling" at plaintiff's son. This statement appears to be completely irrelevant to plaintiff's claims.

3

"acd,"[4] but he refused. (Compl. ¶ 4, CM/ECF p.5). Plaintiff states that Mr. Linder has not been "cooperating" with the DA or the ADA since December of 2016, and that there "should be some reasonable doubt" regarding Mr. Linder's statement and the incident report. (*Id.*) Plaintiff states that the DA or the ADA "have had a [sic] Audio of [sic] Video from around April 2016 That shows or tells the truth." (*Id.*) Plaintiff appears to allege that because Mr. Linder has not cooperated with the District Attorney for approximately four months, this should also raise a "reasonable doubt" as to the truth of his statements. (Compl. ¶ 4, CM/ECF p. 7).

Plaintiff states there was no probable cause for his arrest on April 24, 2016, that the DA or ADA did not listen to the 911 recording that is "evidence as Recordededrecalaction [sic]." (Compl. ¶ 4, CM/ECF p.8). Plaintiff states that the "People or DA or ADA" know he is innocent, and he can prove it. (Compl. ¶ 4, CM/ECF p.7). There is a "Witness" who will testify in court that plaintiff is innocent, and the DA did not investigate the facts of this case. (Compl. ¶ 4, CM/ECF p.8).

The complaint contains four causes of action. (Compl. ¶ 5, CM/ECF pp.9-10). Plaintiff alleges violations of the Fourth Amendment, False Imprisonment.[5] (Compl. First Cause of Action ("COA"), CM/ECF p.9). Plaintiff claims that the Rome Police failed to investigate the crime or speak with a witness who was mentioned in the NYS Incident Report. Plaintiff's Second COA alleges another Fourth Amendment violation because there was no probable cause for his arrest on April 24, 2016 because his "case"

---

[4] "ACD" refers to an Adjournment in Contemplation of Dismissal. N.Y. Crim. Proc. Law § 170.55. This section allows the court to adjourn a criminal case "with a view to ultimate dismissal of the accusatory instrument in furtherance of justice." *Id.* § 170.55(2).

[5] Plaintiff claims that he was falsely imprisoned for fourteen hours when he was arrested on April 24, 2016) (Compl. First COA, CM/ECF p.9).

4

is based "off of a Statement from Whitney Linder on 4-7-2016 only," and there is no evidence from the DA or ADA. (Compl. Second COA, CM/ECF at p.9). Plaintiff's Third COA alleges a Fourteenth Amendment "Substantive" Due Process violation because the DA is allegedly withholding evidence that he was supposed to turn over in discovery. (Compl. Third COA, CM/ECF p.9). Finally, plaintiff's Fourth Cause of Action alleges a "Fifth Amendment" violation, caused by the deprivation of his liberty on April 24, 2016, when he was arrested and put in jail for fourteen hours by the Rome Police for a crime he did not commit. Plaintiff seeks approximately five million dollars. (Compl. ¶ 6, CM/ECF p.11).

## II.  **Proscutorial Immunity**

### A.  **Legal Standards**

Prosecutors enjoy absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for

his or her decision not to prosecute, regardless of the motivation for that decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

B.  **Application**

Plaintiff has named the DA and an ADA in Rome, New York, which is in Oneida County. Plaintiff appears to allege that he should not have been prosecuted or that the prosecution should not have continued because the "evidence"[6] showed that Mr. Linder was not telling the truth, and plaintiff was innocent. However, every action of which plaintiff complains relates to the decision whether to prosecute or not to prosecute a defendant, and for which both the DA and the ADA have absolute immunity. Plaintiff is not claiming that the DA or ADA engaged in any "investigative functions." In fact, plaintiff alleges that the DA failed to properly "investigate" the incident. Thus, plaintiff's claims against defendants McNamara and Yoxall must be dismissed.

III. **Criminal Charges**

A.  **Legal Standards**

To the extent that plaintiff's criminal case is still pending in state court, it is well-settled that federal courts may not interfere with pending state criminal prosecutions, absent some extraordinary circumstance, such as bad faith prosecution, unconstitutional laws, or the lack of adequate process in state court for protecting the plaintiff's rights. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). This abstention is appropriate when there is a pending state proceeding, implicating an important state interest, and the state proceeding will afford the plaintiff an adequate opportunity for review of his federal

---

[6] The evidence apparently consists of inconsistent statements by Mr. Linder, an alleged 911 tape that is in the ADA or DA's possession, and the fact that Mr. Linder has not been cooperating with the prosecutors for four months.

constitutional claims. *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003).

Even if plaintiff had already been convicted of the charges, a civil lawsuit may not be used to collaterally attack a criminal conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

**B.   Application**

In this case, it appears from the complaint that plaintiff has turned down several plea agreement offers, including an ACD. It also appears that plaintiff's criminal case is still pending, notwithstanding Mr. Linder's alleged failure to cooperate with the prosecutor for four months. Defendant Sweeney is a member of the Rome Police Department. Although defendant Sweeney could be a proper defendant, plaintiff may not bring a claim for malicious prosecution or false arrest while his criminal case is still pending, regardless of the identity of the defendant. Thus, to the extent that plaintiff could bring a claim for false arrest or malicious prosecution, it is premature at this time.[7]

---

[7] In addition, one of the elements of malicious prosecution is that the criminal proceeding must have terminated in the plaintiff's favor. *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003). If plaintiff is ultimately convicted, he will not be able to bring a malicious prosecution claim or a false arrest claim based on *Heck, supra*, unless and until he obtains a reversal of that conviction. *See Mills v. Noonan*, No. 1:16-CV-984, 2017 WL 1353479, at *4, 6 (W.D.N.Y. Apr. 13, 2017) (citations omitted) (conviction of the charges implies that probable cause for arrest existed and is a complete bar to claims for malicious prosecution and false arrest).

7

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii) **WITH PREJUDICE** as against ADA Yoxall and DA McNamara based on absolute immunity and failure to state a claim, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to defendant Sweezey for failure to state a claim pursuant to *Heck v. Humphrey, supra*, and it is

**RECOMMENDED**, that if the district court adopts this Order and Report-Recommendation, that the district court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from the district court's order would not be taken in good faith.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 24, 2017

Hon. Andrew T. Baxter
U.S. Magistrate Judge